[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 6, 1958 in Stamford, Connecticut. They have resided continuously in this state since 1960. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. CT Page 8767
The court has carefully considered the criteria set forth in Sections 46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 33 years. They have lived separate and apart since February 1986.
The plaintiff is 60 years old and is in fair health. The plaintiff worked throughout most of the marriage in addition to her duties as homemaker and caring for their three minor children. The plaintiff was frugal, not only with the parties earnings but also in their life style. Both parties worked at a restaurant to supplement the husband's earnings. The wife was in charge of the finances and was a good manager of the funds. The plaintiff purchased land in Greenwich in 1963 for approximately $9,000. The plaintiff testified she used her money from her earnings for this purchase.
In 1965 the parties purchased the marital home. The plaintiff claims the deposit of $6,000 was her money which she had prior to her marriage. The plaintiff testified she had $14,000 in savings at the time of the marriage. The husband claims he turned over the majority of his earnings from his two jobs to his wife. Neither party had substantially high earnings throughout the marriage. The parties separated for short periods of time on one or two occasions during the marriage. In 1977 the husband quit claimed his interest in the marital property to the wife. The Greenwich lot is solely in the wife's name.
The defendant is 60 years of age and in good health. He has worked for the U.S. Post Office for the past 8 years and hopes to retire in February 1993. The defendant had previously worked as a presser in the garment industry for 20 years. The defendant also worked a 2nd job as a waiter. The husband had no funds at the time of the marriage. Perhaps the most he earned in any year was approximately $29,000. The defendant claims his tips and earnings also went into the purchase of the Greenwich lot. Both parties worked off the books with respect to their tips.
The defendant did not contribute any money directly to his wife's support after he vacated the home in 1986. The wife received support from her family and children during this period of time.
The plaintiff claims the defendant's gambling was the cause of the breakdown. The defendant admits to social gambling only, but it appeared from the evidence that he spent considerable time at O.T.B. CT Page 8768
The major assets of this marriage are the marital home and the lot in Greenwich. The marital home was appraised at $208,000. There is no mortgage on this property. The Greenwich lot was appraised at $345,000. It is also free of any mortgage.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their marriage.
The following orders shall enter:
Property Division
1. Marital Home
The plaintiff shall retain all her right, title and interest in and to the marital home located at 141 Center Street, Stamford, Connecticut.
2. Greenwich Lot
The undeveloped lot, No 13-5, Hettiefred Road, shall be placed on the market and sold forthwith. From the net proceeds of the sale, that is after the real estate commission, customary closing costs, any selling costs and capital gains taxes paid (or received), the defendant shall be entitled to $95,000. The plaintiff shall be entitled to the balance of the proceeds.
Alimony
1. The defendant shall pay to the plaintiff during her lifetime as alimony the sum of $140 per week.
The court finds the defendant's net income to be approximately $20,375 per year.
Medical Coverage
The defendant shall retain the plaintiff on his health insurance policies for as long as the law allows, at the plaintiff's expense.
Life Insurance
1. The defendant shall name the plaintiff as beneficiary on his present life insurance policy in the amount of $27,000.
2. The plaintiff shall also be named as beneficiary on any survivor benefits the defendant presently has. CT Page 8769
Debts
Each party shall be responsible for the debts as listed on their respective financial affidavits.
Personal Property
Each party shall retain whatever personal property they have in their possession.
Attorney's Fees
Each party shall be responsible for their respective attorney's fees.
Withholding
A contingent wage withholding is ordered.
COPPETO, J.